UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 10-173 |
| COREY B. DOUGLAS | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendant Corey B. Douglas's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, the motion is DENIED.

**Background**

On March 2, 2011, Corey B. Douglas was sentenced to 240 months' imprisonment for conspiring to distribute 5 kilograms of cocaine hydrochloride and 50 grams of cocaine base.[1] Now nearly twelve years into that sentence, Douglas moves for compassionate release in light of perceived health risks stemming from the

---

[1] Before this conviction, Douglas was a noted cocaine supplier in the Houma area. In 2009, Douglas was found in a vehicle with a laser-sighted handgun and some 400 grams of powder cocaine and 150 grams of crack cocaine in tow. Two children were also present in the vehicle.

Importantly, this was not Douglas's first criminal lapse in judgment. In addition to a handful of other drug offenses, Douglas has committed crimes of violence (simple battery) and crimes of flight (from an officer). These convictions bear special salience here, where the Court is required to consider the likely effects of Douglas's "immediate release" from prison. See Mot. at 10.

1

COVID-19 pandemic and the toll his incarceration continues to take on his family and his minor children in particular.

Because the Government concedes that Douglas exhausted his administrative remedies before filing his motion, the Court turns directly to the merits of Douglas's plea for compassionate release.

I.

With narrow exceptions, federal law provides that courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As relevant in this instance, Congress has provided that courts may reduce a defendant's term of imprisonment when "extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i).

Here, the reasons Douglas gives in support of his proposed reduction are neither "extraordinary" nor "compelling." To the contrary, all such reasons – including generalized COVID-19 concerns that any defendant could raise in a motion for compassionate release[2] and financial and familial hardships that

---

[2]  As courts have repeatedly held, generalized concerns about the spread of COVID-19 do not justify compassionate release. See, e.g., United States v. Williams, 2020 WL 5311383, at *1 (E.D. La. Sept. 4, 2020); see also United States v. Smothers, 2020 WL 6746932, at *1 (E.D. La. Nov. 17, 2020) ("As is now conventionally understood, the continued spread of COVID-19 poses at least some health risk to *all* Americans, whether incarcerated or not. In this unfortunate but increasingly familiar reality, when a defendant moving for compassionate release cannot persuasively demonstrate an affirmative likelihood that the pandemic places him at a particularly greater risk than a typical law-abiding citizen in general society, a judicial reduction of his validly imposed

2

are equally common to those serving lengthy prison sentences – are rather unremarkable.

And while Douglas should be congratulated for the rehabilitative strides he claims he has made in prison, his efforts in that regard do not erase his extensive history as a significant cog in the deleterious drug trade. This fact further counsels against a reduction in Douglas's duly imposed sentence.

\*   \*   \*

In sum, because the evidence before the Court does not suggest that COVID-19 poses a greater threat to Douglas than Douglas poses to society, there is no extraordinary and compelling reason for Douglas's proposed sentence reduction.

Accordingly, IT IS ORDERED: that the defendant's motion is DENIED without prejudice to the defendant's ability to re-file as changing circumstances may warrant.

New Orleans, Louisiana, March 22, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

sentence will seldom be warranted by 'extraordinary and compelling reasons.'").

Douglas clearly fails to show a heightened susceptibility to COVID-19 here. Indeed, as the Government notes, Douglas's medical records reveal little more than a prior knee injury and a long-resolved case of anxiety. Obviously, orthopedic and psychological conditions have no known bearing on an individual's vulnerability to COVID-19.

3